IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:05-CR-124 |
| V. ) | (JORDAN/GUYTON) |
| ) | |
| MARCUS WALLACE SIMS, JR., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The defendant's attorney, Charles I. Poole ("Poole") has submitted to the Court a compensation claim in excess of the statutory case compensation maximum. Poole was appointed [Doc. 19] pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Marcus Wallace Sims, Jr., one of seven defendants in a seventeen count Indictment, and then Superseding Indictment, charging, inter alia, conspiracy to engage in drug trafficking. [Docs. 5, 84]. Poole has requested a waiver of the case compensation maximum limit of $7,000 per felony case for each defendant. Poole seeks $10,828.40.

Poole asserts that he participated in a considerable amount of discovery review and pretrial activity. Poole also emphasizes that this a major drug case, that the defendant was detained, that he made seven (7) court appearances, that he met with the F.B.I., that he negotiated a plea agreement, that his client renounced the plea agreement at the change of plea hearing before the District Judge, that his client feared for his life if he cooperated with the government through a plea agreement; that a new, non-cooperation plea agreement was negotiated and finally filed; that his client objected to the presentence report; and that there was a litigated issue of criminal history and

guideline range, which the district court resolved in favor of his client.

Payment in excess of the $7,000 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). The following regulation is pertinent to the question of whether or not the $7,000 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or magistrate and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or magistrate and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(b)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the

presiding judge's authority to reimburse <u>expenses</u> of counsel except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22B(1)(i).

The Court finds that this case is "extended" because the case involved extensive review of discovery, as the government's evidence consisted of numerous C.D.s and audiotapes of alleged criminal activity. The Court also finds that the case is extended due to the necessity of negotiating two plea agreements and conducting seven (7) court hearings. Based on the entire record, and counsel's submissions in support of his fee request, the Court finds that the case is "extended," as it has required more time for total processing than usual for the average case.

For the reasons indicated, it is **RECOMMENDED** that the district judge sign and forward the attached "Memorandum and Order Concerning Excess and Interim Payments" to the Chief Judge of the Circuit or his designee. This procedure is approved in Chapter II and Appendix E to the *Guide to Judiciary Policies and Procedures*.

If the Chief Judge or his designee approves the request, the regulations provide that the court should then take the following steps:

> (1) The Memorandum And Order concerning excess and interim payments should be filed with the clerk; and
>
> (2) A copy of that document should be sent to the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Appendix E, *Guide to Judiciary Policies and Procedures*.

For the reasons indicated, it is **RECOMMENDED** that the request by Charles I. Poole for compensation in excess of the statutory case compensation maximum be **GRANTED** pursuant to the procedures in the *Guide to Judiciary Policies and Procedures* and as set out above.[1]

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).